UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAO CHOUA VUE,

    Petitioner,

v.                                         Case No. 17-CV-939

BRIAN FOSTER,

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Pao Choua Vue, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Vue pled guilty and was convicted of first-degree reckless homicide as party to a crime. Vue is currently serving a fifty-year sentence. Vue alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

### BACKGROUND

Vue challenges his judgment of conviction for first-degree reckless homicide as party to a crime in La Crosse County Circuit Court. (Resp. Br., Ex. 1, Docket # 24-1 at 1–3.) The charges arose from a shooting that occurred in March 2012. (*State v. Vue*, Appeal No. 2015AP541 (Wis. Ct. App. Jan. 12, 2016), Resp. Br., Ex. 3, Docket # 24-3 at 2.) The criminal complaint indicated that Vue's nephew and co-defendant, Kong Vue, told police in April 2012 that he was driving, with Vue as a passenger, on the day of the shooting. (*Id.*) Vue fired a gun toward a residence. (*Id.*) Kong Vue and Vue then "went to another house to get some money." (*Id.*) Vue waited in the car while Kong Vue took the gun, entered an

apartment, and shot and killed the apartment's occupant. (*Id.*) Kong Vue then returned to the car, told Vue what happened, and gave Vue the gun. (*Id.*) Vue then drove Kong Vue home. (*Id.*)

Vue was charged with first-degree intentional homicide, attempted first-degree intentional homicide, and armed burglary, all as party to the crime, as well as felony bail jumping. (*Id.*) At a joint preliminary hearing held in May 2012, an investigating officer testified that Kong Vue told the officer that he was driving the car and Vue took out a gun and fired several rounds at a residence. (*Id.*) Kong Vue drove away. (*Id.*) Kong Vue and Vue then switched seats so that Vue was driving. (*Id.*) Vue parked the vehicle and Kong Vue took the gun and exited the car to go "get some money." (*Id.*) Kong Vue entered the apartment, saw the occupant, panicked, and shot her. (*Id.*) Kong Vue then ran back to the car, told Vue what happened, gave Vue the gun, and Vue drove away. (*Id.*)

Pursuant to a plea agreement, Vue pled guilty to first-degree reckless homicide as party to a crime. (*Id.*) The court relied on the criminal complaint and the preliminary hearing testimony as the factual basis for the plea. (*Id.* at 2–3.) Vue filed a postconviction motion to withdraw his plea, arguing that he was denied due process when the State failed to disclose the full details of a second statement Kong Vue gave to police in August 2012, prior to Vue entering his plea. He further argued that his trial counsel was ineffective for failing to obtain the full details of Kong Vue's second statement through discovery before Vue entered a plea. (*Id.* at 3.) After an evidentiary hearing, the circuit court denied Vue's motion for postconviction relief. (*Id.*)

On appeal, Vue again argued that he was denied due process and that his trial counsel rendered ineffective assistance. Vue contended that Kong Vue's August 2012 statement contained material exculpatory evidence that the State was required to disclose. (*Id.*) Specifically, Vue cited statements by Kong Vue that Kong had not communicated to Vue that Kong Vue's intent, as he was exiting the car, was to use the gun to obtain money. (*Id.*) Kong Vue stated that the plan was "just all in [his] head" and that Kong Vue merely told Vue to wait while Kong Vue took the gun and exited the car. (*Id.*) Vue argued that those statements were material and exculpatory because they would have supported Vue's defense to party to the crime liability by corroborating Vue's statements that Vue did not know what Kong Vue was doing when Kong Vue left the car with the gun. (*Id.*) Vue asserted that he would have insisted on a trial rather than entering a plea had he possessed that information. (*Id.*)

The court of appeals rejected Vue's arguments and affirmed his judgment of conviction. (*Id.* at 4–6.) The Wisconsin Supreme Court denied Vue's petition for review on April 6, 2016. (Ex. to Habeas Petition, Docket # 1-1 at 7.) Vue filed a timely petition for writ of habeas corpus in this court on June 30, 2017. (Docket # 1 at 13.) Vue elected to proceed on grounds one and two of his petition, acknowledging that grounds three and four were unexhausted. (Docket # 7, Docket # 17.)

## STANDARD OF REVIEW

Vue's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court

decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of

4

several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

**ANALYSIS**

Vue proceeds on two grounds for relief in his habeas corpus petition: (1) that his due process rights were violated when the State withheld material exculpatory evidence until after he pled guilty and (2) he was denied the effective assistance of counsel when counsel advised Vue to plead guilty without informing him of his co-defendant's exculpatory statement. (Docket # 1 at 6–7.) I will address each ground in turn.

    1.    *Withholding of Exculpatory Evidence*

Again, Vue argues that his due process rights were violated when the State allegedly withheld exculpatory evidence until after he pled guilty. Specifically, Vue alleges that on August 14, 2012, Kong Vue provided a statement to law enforcement and the district attorney in which Kong Vue stated that he did not tell Vue that he was planning on using the gun to rob the apartment. (Petitioner's Br. at 7–8, Docket # 32.) Rather, Kong Vue told

5

Vue to stay in the car and wait for him and Vue was surprised when Kong Vue returned to the car and told him that he had shot someone. (*Id.*) Vue argues that under *Brady v. State of Maryland*, 373 U.S. 83 (1963) and its progeny, due process required the State to produce favorable evidence material to his guilt. (*Id.* at 9–11.)

The court of appeals rejected Vue's *Brady* argument, finding that the August 14, 2012 statement was not material to his guilt. (Docket # 24-3 at 4.) The court of appeals found that at the time Vue pled guilty to the reduced charge of first-degree reckless homicide as party to the crime, Vue knew that Kong Vue had told police that Vue took out a gun and shot at a house while Kong Vue was driving, that shortly thereafter Vue waited in the car while Kong Vue left the car with the gun, and that Vue then drove Kong Vue home after Kong Vue told Vue that he had shot someone and gave Vue the gun. (*Id.*) The court of appeals found that in both the first and second statements, Kong Vue consistently asserted that Vue used the gun to first shoot at a house, and that shortly thereafter Vue waited in the car while Kong Vue took the gun and used it to commit an attempted burglary and homicide. (*Id.*) The court of appeals found that "nothing in Kong's original version of the events indicated that Kong told Vue about Kong's intention. Additionally, nothing in Kong's second statement indicated that Kong expressed to Vue any innocent purpose for Kong to take the gun out of the car, after Vue had just committed a drive-by shooting, while Vue waited for him." (*Id.* at 4–5.)

The court of appeals concluded that because Kong Vue's August 2012 statement was consistent with the information he previously provided to the police and was known to Vue

6

when he entered his plea, there was no reasonable probability that Kong Vue would not have pled guilty had the State provided the statement to Vue. (*Id.* at 5.) The court of appeals further found that this additional fact (i.e., that Kong Vue did not share his plan to rob the apartment with Vue) did not alter the overall strength of the State's case against Vue under party to the crime liability, because all that is required to prove aiding and abetting is that the person undertake conduct that, as a matter of objective fact, aids another in committing a crime, and intends to yield such assistance. (*Id.*) There is no requirement that an aider and abettor share the specific intent required for commission of the substantive offense he aids and abets. (*Id.*)

The respondent argues that Vue is not entitled to habeas relief as to his *Brady* claim because there is no clearly established Supreme Court law requiring the State to disclose exculpatory evidence to a defendant who pleads guilty. Section 2254(d)(1) states that an application for a writ of habeas corpus can only be granted if the State court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. A legal principle is "clearly established" within the meaning of this provision only when it is embodied in a holding of the Supreme Court. *Thaler v. Haynes*, 559 U.S. 43, 47 (2010). "Until the Supreme Court has made a right *concrete*, it has not been 'clearly established.'" *Bland v. Hardy*, 672 F.3d 445, 448 (7th Cir. 2012) (emphasis in original).

In *Jones v. Bryant*, 27 F. App'x 699, 700 (7th Cir. 2001) (unpublished), the Seventh Circuit was presented with this precise question: whether the petitioner is entitled to

7

collateral relief on the theory that failure to reveal an exculpatory statement before the guilty plea violated the due process clause of the Fourteenth Amendment, as understood in *Brady*. The Seventh Circuit noted that courts of appeals do not agree on whether, and if so how, the principles of *Brady* apply to pretrial disclosures, and thus affect guilty pleas. *Id.* at 701 (collecting cases). The Seventh Circuit noted that its own cases imply that nondisclosure at the time of a guilty plea does not violate the Constitution because *Brady* governs trials and not pretrial discovery. *Id.* (citing *United States v. Higgins*, 75 F.3d 332 (7th Cir. 1996)). As the *Jones* court points out, however, this disagreement between the circuits is irrelevant. *Id.* What matters is what the Supreme Court has said and the Supreme Court's decisions do not clearly establish that prosecutors must reveal exculpatory information before trial. *Id.* Thus, under § 2254(d)(1), the petitioner was not entitled to relief on federal collateral attack. *Id.*

The year after *Jones* was decided, the Supreme Court considered a similar issue in *United States v. Ruiz*, 536 U.S. 622 (2002). In *Ruiz*, the Supreme Court held that a guilty plea is not rendered involuntary by the prosecutor's failure to disclose exculpatory impeachment information prior to the entry of the plea. *Id.* at 628–33. The Court found that "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*." *Id.* at 629 (emphasis in original). The Court did not speak, however, as to whether a guilty plea is rendered involuntary by failure to provide substantive exculpatory evidence.

While the Seventh Circuit has surmised that the Supreme Court would find a violation of the Due Process Clause if prosecutors or other relevant government actors have

8

knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters a guilty plea, the court acknowledged that the *Ruiz* Court did not speak as to this specific issue. *McCann v. Mangialardi*, 337 F.3d 782, 787–88 (7th Cir. 2003). At least one circuit has suggested that *Ruiz* would apply to substantive exculpatory information as well as to impeachment information. *See Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010) (stating that "the Supreme Court has consistently treated exculpatory and impeachment evidence in the same way for the purpose of defining the obligation of a prosecutor to provide *Brady* material prior to trial").

The Seventh Circuit's supposition as to how the Supreme Court would rule if faced with the issue does not alter the fact that the Supreme Court has still not spoken on whether prosecutors must reveal exculpatory information before the entry of a guilty plea. Thus, as in *Jones*, there is no "clearly established" Supreme Court law the court of appeals' decision could contradict and Vue is not entitled to habeas relief pursuant to § 2254(d)(1) as to his *Brady* claim.

   *2.     Ineffective Assistance of Counsel*

Vue argues that his trial counsel failed to independently investigate Kong Vue's purported testimony against Vue. (Petitioner's Br. at 17.) Vue argues that had his trial counsel presented him with Kong Vue's August 14, 2012 statement, there was a reasonable probability that Vue would not have pled guilty and would have gone to trial. (*Id.* at 18.)

Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of

knowledge of a criminal defendant's factual innocence but fail to disclose such information to a defendant before he enters a guilty plea, the court acknowledged that the *Ruiz* Court did not speak as to this specific issue. *McCann v. Mangialardi*, 337 F.3d 782, 787–88 (7th Cir. 2003). At least one circuit has suggested that *Ruiz* would apply to substantive exculpatory information as well as to impeachment information. *See Friedman v. Rehal*, 618 F.3d 142, 154 (2d Cir. 2010) (stating that "the Supreme Court has consistently treated exculpatory and impeachment evidence in the same way for the purpose of defining the obligation of a prosecutor to provide *Brady* material prior to trial").

The Seventh Circuit's supposition as to how the Supreme Court would rule if faced with the issue does not alter the fact that the Supreme Court has still not spoken on whether prosecutors must reveal exculpatory information before the entry of a guilty plea. Thus, as in *Jones*, there is no "clearly established" Supreme Court law the court of appeals' decision could contradict and Vue is not entitled to habeas relief pursuant to § 2254(d)(1) as to his *Brady* claim.

   *2.     Ineffective Assistance of Counsel*

Vue argues that his trial counsel failed to independently investigate Kong Vue's purported testimony against Vue. (Petitioner's Br. at 17.) Vue argues that had his trial counsel presented him with Kong Vue's August 14, 2012 statement, there was a reasonable probability that Vue would not have pled guilty and would have gone to trial. (*Id.* at 18.)

Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of

the plea may be attacked. *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989). Thus, a guilty plea generally closes the door to claims of constitutional error. There is an exception, however, for instances where one's plea is rendered involuntary due to the ineffective assistance of counsel. *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014). A habeas petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim"; rather, he "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013).

In *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985), the Supreme Court stated that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." However, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Applying both *Strickland* and *Hill*, the court of appeals, building on its *Brady* analysis, found that because the undisclosed detail from Kong Vue's August 2012 statement to police would not have reasonably altered Vue's decision to plead guilty, any deficient performance by counsel was not prejudicial. (Docket # 24-3 at 5–6.) Vue has not demonstrated that the court of appeals unreasonably applied *Strickland* or *Hill*. As the court of appeals found,

10

during the preliminary hearing, an officer testified as to statements made by Kong Vue. (Resp. Br., Preliminary Hearing Transcript, Ex. 4, Docket # 24-4 at 31.) The officer testified that Kong Vue stated that while driving around with Vue, Vue pulled out a handgun and fired several rounds at a residence. (*Id.*) They sped away and some time later, pulled over, and switched places so Vue was driving. (*Id.*) Vue parked, and Kong Vue got out of the vehicle and ran through the alley to an apartment complex. (*Id.* at 32.) Kong Vue found an apartment door open and walked into the apartment. (*Id.* at 32–33.) Kong Vue then saw a person in the apartment, panicked, fired two rounds, and ran away. (*Id.* at 33.) When Kong Vue returned to the vehicle, he told Vue that he thought he just shot somebody, and Vue then took the gun from Kong Vue and drove him home. (*Id.* at 34.) Kong Vue told the officer that he was upset because his wife indicated to him that he was not bringing in any income and he took the gun that day to "gather money," which the officer inferred meant he intended to rob someone. (*Id.* at 37–38, 40.)

Again, the court of appeals found that Kong Vue's August 2012 statement—in which he explicitly told police that he did not tell Vue of his plan to use the gun to obtain money at the time he exited the car—did not contradict or significantly add to the information provided to Vue based on Kong Vue's first statement to police. (Docket # 24-3 at 4.) The court of appeals is correct that Kong Vue's first and second statements do not directly contradict one another. Kong Vue did not, for example, tell officers immediately after the shooting that he told his uncle about the plan to rob someone and then do an about-face in

11

August and tell officers that he did not tell Vue about the plan. Rather, Kong Vue's first statement to police was silent as to what he told Vue about his intent to rob.

The court of appeals is also correct, however, that this additional piece of information (i.e., that Kong Vue explicitly *did not* tell Vue about his plan to rob someone), does not significantly add to the information provided to Vue prior to entering his guilty plea. Vue was accused of firing shots into a residence and as the court of appeals found, "nothing in Kong's second statement indicated that Kong expressed to Vue any innocent purpose for Kong to take the gun out of the car," especially considering Vue had just committed a drive-by shooting. (*Id.* at 4–5.) While Vue argues that for liability under Wis. Stat. § 939.05 there must be a "meeting of the minds" between the parties and this withheld evidence shows that Vue never conspired with Kong Vue to commit the crime, (Petitioner's Br. at 11), Vue was not accused of being a party to a conspiracy under Wis. Stat. § 939.05(2)(c). Rather, he was accused of aiding and abetting the commission of a crime under Wis. Stat. § 939.05(2)(b). As the court of appeals found, to be liable for aiding and abetting, it is not necessary that the crime which was ultimately committed be the specific crime which the aider and abettor intended to be committed. *State v. Asfoor*, 75 Wis. 2d 411, 427, 249 N.W.2d 529, 536 (1977). The court in *Asfoor* stated:

> One may aid or abet in the commission of a crime without having previously entered into a conspiracy to commit it . . . . Moreover, the aider and abettor in a proper case is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and reasonable or probable consequences of any act that he knowingly aided or encouraged.

12

*Id.* at 431, 249 N.W.2d at 537–38 (internal quotation and citations omitted). Thus, while Vue may not have intended the homicide, the court of appeals' conclusion that the facts showed that Vue was aiding and abetting a crime was not unreasonable. The court of appeals specifically pointed to the fact that Vue and Kong Vue were riding around in a vehicle with a gun, Vue shot several rounds into a residence, and Vue drove Kong Vue around the area, ultimately stopping and observing Kong Vue leave the vehicle with a gun. (Docket # 24-4 at 32.) The court of appeals found that, given the fact Vue had just committed a drive-by shooting, nothing in Kong Vue's second statement pointed to an innocent purpose for Kong Vue taking the gun out of the car. (*Id.* at 5.) The court of appeals concluded that because the August 2012 statement was not inconsistent with the information Kong Vue previously provided to police, and because the additional fact did not alter the overall strength of the State's case against Vue under party to the crime liability, there was no reasonable probability that Vue would not have pled guilty had the State provided the additional fact to Vue. (*Id.*) Thus, any alleged deficient performance by counsel was not prejudicial. (*Id.* at 6.) Vue has not shown that this conclusion contravenes *Strickland* or *Hill*. For this reason, Vue is not entitled to habeas relief on this ground.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a

substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not find it debatable that Vue is not entitled to habeas relief. Thus, I will deny Vue a certificate of appealability. Of course, Vue retains the right to seek a certificate of appealability from the court of appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of April, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge